IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SPRINT COMMUNICATIONS, L.P.** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 11-2683-JAR-KMH |
| ) | |
| **COX COMMUNICATIONS, INC.,** ) | |
| **COX COMMUNICATIONS KANSAS,** ) | |
| **LLC, COX KANSAS TELCOM, LLC,** ) | |
| **and, COXCOM, LLC.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Consolidate Cases (Doc. 24) with Case Nos. 11-2684-KHV, 11-2685-RDR, and 11-2686-JTM.  The motion is fully briefed and the Court is prepared to rule.  Because the Court finds the motion to consolidate is premature in this action, it denies the motion without prejudice to refiling.

Plaintiff asks for consolidation of these actions that all relate to broadband and/or packet-based telephony products and services offered by various cable companies that allegedly infringe twelve of Sprint's patents.  At this time, Sprint seeks consolidation for discovery purposes only.  The defendant cable providers in each case filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) Sprint's claims for contributory infringement and enhanced damages; Sprint subsequently filed amended complaints rendering these motions moot.  In this case, but not in any of the other actions, Defendants—several Cox Communications entities—have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(3), as well as a Motion to Transfer the case to the District of Delaware.

Federal Rule of Civil Procedure 42(a) provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing of trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

The decision whether to consolidate is left to the sound discretion of the trial court.[1] "In exercising its discretion, the court should consider whether judicial efficiency is best served by consolidation."[2] "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."[3] Courts also consider (1) whether the relief sought varies substantially between the two actions; (2) whether defendants are being sued in different capacities; and (3) what would be gained by consolidation and what injury would be suffered by failure to consolidate.[4] The party requesting consolidation bears the burden of showing that the balance weighs in favor of consolidation.[5]

Due to the pending motions to dismiss and transfer in this case, the Court finds that judicial economy would not be served by consolidation at this time, even for purposes of discovery. This is the only case of the four Sprint cases that presents challenges by the defendants to personal jurisdiction and venue. These motions are not yet fully briefed, although the Court expects them to become ripe within the next week. Because this case is subject to

---

[1] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[2] *McCoy v. Whirlpool Corp.*, No. 02-2064-KHV, 2003 WL 124531, at *2 (D. Kan. Jan. 12, 2003).

[3] *C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1346 (D. Kan. 2008) (citing 9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2383, at 35–36 (3d ed. 2008)).

[4] *Shump*, 574 F.3d at 1344; *Lane v. United States*, Nos. 90-4228-S, 90-4229-S, 1991 WL 105204, at *1 (D. Kan. May 28, 1991).

[5] *Blagg v. Line*, Nos. 09-CV-0703-CVE-FHM, 09-CV-0708-TCK-PJC, 10-CV-0502-GKF-PJC, 2010 WL 3893981, at *1 (N.D. Okla. Sept. 23, 2010) (citing *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987)).

dismissal or transfer prior to discovery or claim construction, the Court does not find that consolidation with the other three Sprint cases would be efficient. The Court finds that judicial efficiency is best served by deciding the pending motions to dismiss and transfer prior to any consolidation. If the Court ultimately denies the motions to dismiss and transfer, Plaintiff may renew its motion for consolidation.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Consolidate Cases (Doc. 24) is **denied without prejudice**.

**IT IS SO ORDERED**.

Dated: May 18, 2012

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE