IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **SPRINT COMMUNICATIONS, L.P.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Case No. 11-2683-JAR-KMH |
| | ) | |
| **COX COMMUNICATIONS, INC.,** | ) | |
| **COX COMMUNICATIONS KANSAS,** | ) | |
| **LLC, COX KANSAS TELCOM, LLC,** | ) | |
| **and, COXCOM, LLC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____) | | |

## DISCOVERY ORDER AND NOTICE OF HEARING

Before the Court is Defendant Cox Communication Inc.'s ("CCI") Motion to Dismiss under Rule 12(b)(2) and 12(b)(3) for Lack of Personal Jurisdiction and Improper Venue (Doc. 31). In response, Plaintiff Sprint Communications, L.P. requests jurisdictional discovery on the narrow issue of whether CCI is subject to specific personal jurisdiction in this District.

The Court finds that limited jurisdictional discovery and an evidentiary hearing is warranted in this case. In the Tenth Circuit, this Court may not refuse to grant jurisdictional discovery "if either the pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary."[1] Based on the briefing, it appears that a number of relevant jurisdictional facts are controverted and that Plaintiff's request is based on more than "a mere hunch."[2] In particular, Plaintiff has identified an issue of fact as to the extent of CCI's influence

---

[1] *See, e.g.*, *Health Grades, Inc. v. Decatur Mem'l Hosp.*, 190 F. App'x 586, 589 (10th Cir. 2006) (citing *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002)). The law of the regional circuit applies to determine issues not unique to patent law, such as jurisdictional discovery. *Nuance Commcn's v. Abbyy Software House*, 626 F.3d 1222, 1235 (Fed. Cir. 2010).

[2] *See Nuance Commcn's*, 626 F.3d at 1235–36 (citing *Patent Rights Prot. Grp. LLC v. Video Gaming Techs., Inc.*, 603 F.3d 1364, 1372 (Fed. Cir. 2010); *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)).

and control over the Cox subsidiaries in Kansas.  Plaintiff has submitted numerous publicly-available documents that, when coupled with the allegations set forth in the Amended Complaint, controvert Defendant's position that CCI has no contacts in Kansas arising under or relating to Plaintiff's patent infringement allegations, including ownership of equipment used for that purpose.  Plaintiff has also submitted the declaration of Bruce McLeod, the Executive Director of Service and Enterprise Architecture for Cox Communications, submitted in a different case in the Eastern District of Virginia, that suggests CCI operates as more than a holding company and actually directs and controls the Kansas subsidiaries named in this lawsuit.  The Court finds that Plaintiff has pointed to "pertinent facts bearing on the question of jurisdiction" that are controverted.[3]  Accordingly, Plaintiff's request for jurisdictional discovery is granted and the parties shall have until August 3, 2012 to complete discovery relevant to this issue in advance of the hearing on this motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's request for jurisdictional discovery is granted; limited jurisdictional discovery shall be completed by August 3, 2012.  An evidentiary hearing on CCI's Motion to Dismiss is set for August 9, 2012, at 9:00 a.m. in Kansas City, KS.

**IT IS SO ORDERED**.

Dated: July 6, 2012

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE

---

[3] *See id.*; *Commissariat A L'Engergie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, 1323 (Fed. Cir. 2005).